UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE GONZALEZ, | : | |
| Petitioner, | : | Civ. No. 16-2946 (RBK) |
| v. | : | |
| WARDEN J. HOLLINGSWORTH, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Federal Bureau of Prisons ("BOP") has improperly calculated his sentence by forty-seven days. For the following reasons, the habeas petition will be denied.

## II. BACKGROUND

On December 5, 2013, petitioner was sentenced to 121 months[1] of imprisonment in the United States District Court for the Northern District of New York of conspiracy to distribute cocaine. The sentencing court ordered petitioner to surrender to the BOP for service of his sentence by 2:00 p.m. on January 21, 2014.

The BOP calculated petitioner's sentence as commencing on January 21, 2014. He was awarded prior custody credit for the period of time he was incarcerated following his arrest – from February 19, 2013 (the date of his arrest) until March 8, 2013 (the date he was released on

---

[1] Petitioner's sentence was later reduced to 120 months.

bond to home confinement). Petitioner is currently projected to be released from federal incarceration on September 19, 2022.

In May 2016, petitioner filed this habeas petition. He claims that the BOP has improperly calculated his sentence. More specifically, petitioner claims that the BOP has refused to credit him with forty-seven days credit towards his sentence. This forty-seven days constitutes the period of time between when petitioner was sentenced on December 5, 2013 and when he surrendered to begin his sentence on January 21, 2014. During this time, petitioner was placed under home confinement.

Respondent[2] filed a response in opposition to the habeas petition. Subsequently, petitioner filed a reply in support of his habeas petition.

### III. DISCUSSION

Determining a term of imprisonment comprises two steps as described by the applicable statute:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

---

[2] David Ortiz is currently the warden of F.C.I. Fort Dix. Therefore, the Clerk will be ordered to replace J. Hollingsworth with David Ortiz as the respondent in this action pursuant to Federal Rule of Civil Procedure 25(d).

18 U.S.C. § 3585(a), (b); *see also Nieves v. Scism*, 527 F. App'x 139, 140–41 (3d Cir. 2013) ("In calculating a sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled.") (citing 18 U.S.C. § 3585).

In *Reno v. Koray*, 515 U.S. 50 (1995), the United States Supreme Court examined whether a defendant was entitled to sentence credit during the time he spent at a community treatment center. In that case, the defendant pled guilty on June 18, 1991. *See id.* at 52. On June 25, 1991, a Federal Magistrate Judge entered a release order pursuant to 18 U.S.C. § 3142(c) that required defendant be confined to the premises of a Volunteers of America community treatment center without authorization to leave for any reason unless accompanied by a Government special agent. *See id.* at 52-53. The defendant in *Koray* was sentenced on October 22, 1991 to forty-one months imprisonment. *See id.* at 53. He remained at the Volunteers of America facility until November 25, 1991, when he reported to the BOP to serve his sentence. *See id*.

In *Koray*, the defendant argued that the BOP should have credited his sentence from June 25, 1991 until November 25, 1991. Ultimately, the Supreme Court held as follows:

> the time spent at the Volunteers of America community treatment center while "released" on bail pursuant to the Bail Reform Act of 1984 was not "official detention" within the meaning of 18 U.S.C. § 3585(b). Respondent therefore was not entitled to a credit against his sentence of imprisonment.

*Koray*, 515 U.S. at 65. Since *Koray*, courts within this Circuit have similarly held that a petitioner is not entitled to prior custody credit for time spent in home confinement. *See, e.g.*, *Snyder v. Attorney General of United States*, 612 F. App'x 645, 646 (3d Cir. 2015); *United States v. Garcia*, 362 F. App'x 293, 296 n.3 (3d Cir. 2010).

In his reply brief, however, petitioner argues that he is still entitled to forty-seven days of credit because his home confinement occurred after he was sentenced as opposed to prior to sentencing. This Court finds petitioner's argument unpersuasive.

The petitioner in *Koray* was seeking credit for the time he spent at the community center both before and after he was sentenced on October 22, 1991. Petitioner points out that the Supreme Court in *Koray* stated as follows, "[u]nlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' *always remain subject to the control of the Bureau.*" 515 U.S. at 63 (emphasis in original) (citation omitted). However, as indicated above, the petitioner in *Koray* was seeking credit for time spent at the Volunteers of America both pre and post-sentencing. Ultimately, the Supreme Court held that he was not entitled to this credit. *See id.* at 65. Furthermore, and perhaps more importantly, numerous cases decided after *Koray* have also held that a petitioner is not entitled to credit time for home confinement after sentencing, but prior to surrendering to the BOP.[3] *See Munoz v. Maye*, 485 F. App'x 699, 699 (5th Cir. 2012) (holding that time spent in a community corrections center/halfway house after sentencing but prior to date he reported to BOP facility was properly not credited to petitioner's sentence); *Schaefer v. Bezy*, 199 F. App'x 548, 551 (7th Cir. 2006) (petitioner's confinement for forty-one days in halfway house after sentencing but prior to when he surrendered to the federal prison was properly not credited to petitioner's sentence); *United States v. Tuner*, Crim. No. 11-20117, 2015

---

[3] Respondent cites to the following cases in its brief in support of its position that petitioner is not entitled to credit – *Snyder*, 612 F. App'x 646; *Garcia*, 362 F. App'x at 296; *Iqbal v. United States*, No. 12-2156, 2013 WL 3514384, at *4 (D.N.J. July 11, 2013); *Gullinese v. Zickefoose*, No. 11-7565, 2012 WL 4490562, at *2 (D.N.J. Sept. 27, 2012); *Santiago v. Shartle*, No. 11-4957, 2011 WL 4073506, at *4 (D.N.J. Sept. 13, 2011); *O'Shea v. United States*, No. 04-5016, 2005 WL 3440628, at *4 (D.N.J. Dec. 13, 2005). However, these cases appear to relate to claims by petitioners seeking sentence credit for time spent in home confinement prior to sentencing. Therefore, this Court does not necessarily find these cases controlling on the precise issue that petitioner raises most specifically in his reply brief.

WL 7450398, at *1 (E.D. Mich. Nov. 24, 2015) ("Any period of time that defendant was subject to wearing an ankle bracelet or on home confinement, whether prior to sentencing or post-sentencing, is not a term of 'official detention' entitling her to credit her term of imprisonment.") (citations omitted); *Steeples v. Augustine*, No. 07-0384, 2008 WL 660335, at *2 (N.D. Fla. Mar. 7, 2008) (petitioner not entitled to credit as time spent in official detention for seventeen months of house arrest, three of which was after she was sentenced). Thus, this Court is unmoved by petitioner's attempt to distinguish his claim for sentence credit for time spent in home confinement post-sentencing. Accordingly, petitioner fails to show that he is entitled to federal habeas relief.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

DATE: April 24, 2017

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge